NO. 07-01-0086-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 13, 2002

_____


BEACH EXPLORATION, INC., APPELLANT

V.

BRADFORD L. MOORE AND McGOWAN & McGOWAN, P.C., APPELLEES


_____

FROM THE 121st DISTRICT COURT OF TERRY COUNTY;

NO. 15,345; HONORABLE MARVIN MARSHALL, JUDGE

_____


Before QUINN and REAVIS and JOHNSON, JJ.

Beach Exploration, Inc. challenges a summary judgment that it take and recover nothing on its action for damages against Bradford L. Moore and McGowan & McGowan, P.C. Presenting two issues, Beach contends the trial court erred in granting Moore and McGowan's motion for summary judgment (1) on the ground of limitations because Beach's claim did not accrue within two years of the filing of its lawsuit and the discovery rule

applies to toll the accrual of Beach's claim, and (2) on the ground of proximate causation because genuine issues of material fact existed as to whether or not the negligent act of Moore proximately caused damages incurred by Beach. Because the summary judgment is interlocutory and not subject to appeal, we must dismiss for want of jurisdiction.

This Court is obligated to determine, *sua sponte*, its jurisdiction to hear and consider an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994, writ denied); *see also* New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). The jurisdiction of this Court is established by various constitutional and statutory provisions. *See*, *e.g.*, Tex. Const. art. 5, § 6; Tex. Gov't Code Annotated § 22.220 (Vernon 1988). As a general rule, an appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). As a result, this Court does not have jurisdiction to review an interlocutory order absent an express grant of authority. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex. 1965); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2002). Therefore, before we consider Beach's issues, we must first determine if the order granting summary judgment signed February 6, 2001, is a final judgment.

After being engaged by Beach to examine the title to a 160-acre tract in Terry County and to render their written title opinion, Moore and McGowan, attorneys, submitted their original title opinion dated December 10, 1986, by which they expressed their opinion as to the ownership of the oil, gas, and minerals and existing oil, gas, and mineral leases.

2

Among other things, the attorneys concluded in the title opinion that Amerada Hess Corporation owned an undivided one-fourth of the oil, gas, and minerals, and that Beach held oil, gas, and mineral leases covering the remainder of the oil, gas, and minerals under the tract. After making arrangements with Amerada Hess Corporation under a "farm out" agreement, Beach drilled and completed four oil wells on the property which continued to produce oil, gas, or minerals until 1996, when a third party filed a suit asserting a claim to part of the oil, gas, and minerals under the tract which interest was not reflected in the December 10, 1986 title opinion.

After entering into a settlement agreement with the third party claimant, on September 11, 1998, Beach filed suit against Moore and McGowan to recover damages caused by the failure of the title opinion to inform Beach of the claim and title of the third party. By paragraph IV of its first amended original petition,[1] Beach alleged:

> Plaintiff brings this suit as operator of the oil and gas property described herein and the working interest owners, pursuant to a Joint Operating Agreement by and between Beach Exploration, Inc., as operator, and Hazel Sims Baldwin, O.J. Barron Estate, Beach Exploration, Inc., William N. Beach, Brown Royalties, Brock Oil & Gas, Conejos Oil Account, J. Firman Cook, Jr., Noel D. Debnam, Arnold M. Gaynor, Randy Geiselman, Huffman Investments, Deirdre J. Johnson, Bentley B. King, McDonald Company, Harry L. Mitchell, D.D. Narrell Family Trust, Isham P. Nelson Trust, J. Norton Company, S. Howard Norton, J.P. Rose, S&M Oil Operations, Harrell Spears, Mary Swenson Revocable Trust, and Val Dee Wilcox, as working interest owners. Pursuant to the terms of the Joint Operating Agreement,

---

[1]Similar to Beach's original petition.

3

Plaintiff has the right, duty, and authority to bring this claim on behalf of the above named working interest owners.

The Joint Operating Agreement referenced in the pleadings is not included in the record.

By their motion for summary judgment, Moore and McGowan requested that the trial court:

grant Summary Judgment in their favor that Plaintiff, Beach Exploration, Inc. take nothing . . . .

However, the motion for summary judgment does not mention, name, or reference the remaining 24 working interest owners. Similarly, Beach's response to the motion did not name, reference, or identify the working interest owners or purport to constitute a response on behalf of the working interest owners. After a hearing on January 11, 2001, the trial court signed the following order:

### Order Granting Summary Judgment

On the 11th day of January, 2001, came on to be heard the Motion for Summary Judgment of Defendants, **Bradford L. Moore ("Moore") and McGowan & McGowan, P.C. ("McGowan")**. After reviewing the Summary Judgment evidence, and considering the argument of counsel the Court finds that the Motion for Summary Judgment of Defendants **Moore** and **McGowan** should be granted;

**IT IS THEREFORE, ORDERED** as follows:

1. The Motion for Summary Judgment of Defendants **Moore** and **McGowan** is hereby granted.

2. Plaintiff, **BEACH EXPLORATION, INC.**, shall take nothing against Defendants **Moore** and **McGowan**;

4

3. All relief requested and not expressly granted is denied;

4. Costs of court are taxed against Plaintiff, **BEACH EXPLORATION, INC.**

Signed this 6 day of Feb., 2001.                    /s/    Marvin Marshall
                                                              JUDGE PRESIDING

The judgment here does not name, reference, or identify the remaining 24 working interest owners and does not indicate that Beach take nothing in its capacity as operator for the working interest owners. Except for Beach, the names of the remaining working interest owners are not set out in the notice of appeal as required by Rule 25.1(c) and (d)(5) of the Texas Rules of Appellate Procedure. Further, the names of the remaining 24 working interest owners are not designated as "parties to the trial court's judgment" in Beach's brief as required by Rule 38.1(a).

The presumption that a judgment rendered after a conventional trial on the merits is final and appealable does not apply to a judgment based on a summary judgment motion, and a judgment which disposes of all remaining parties and claims is final, regardless of its language. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 199-200 (Tex. 2001).[2] After reviewing numerous cases, the Supreme Court overruled Mafrige v. Ross, 866 S.W.2d 590 (Tex. 1993), and held that the inclusion of a "Mother Hubbard" clause-- similar to the clause in the underlying judgment--does not indicate that a judgment

---

[2]*Lehmann* was pending in the Supreme Court when the trial court heard the motion for summary judgment.

5

rendered without a conventional trial is final for purposes of appeal. *Id.* at 203-04. The Court further held:

> An order that disposes of claims by only one of multiple plaintiffs . . . does not adjudicate claims by . . . other parties.

*Id*. at 205. The Court concluded:

> Rather, there must be some other clear indication that the trial court intended the order to completely dispose of the entire case. Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality *if there are no other claims by other parties*; *but language that 'plaintiff take nothing by his claims against X' when there is more than one defendant or other parties in the case does not indicate finality.*

(Emphasis added).

Our review of the record as suggested by *Lehmann*, *id*. at 206, "reveals the existence of parties or claims not mentioned in the order," to-wit: the remaining 24 working interest owners identified in Beach's pleadings. Accordingly, the judgment is interlocutory and not subject to appeal. For these reasons, this Court is without power to review and consider the appeal and we have jurisdiction only to dismiss the appeal.

Accordingly, this appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

6

Publish.